CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:02cr00086-3 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MAURICE ANTHONY STEWART | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

The defendant, Maurice Anthony Stewart, pled guilty to conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846, and, in 2003, the court sentenced him to 235 months imprisonment, the bottom of his guideline range. In November 2007, the government moved to reduce Stewart's sentence based on his substantial assistance, which the court granted by reducing Stewart's sentence to 187 months incarceration. In 2008, Stewart moved, under 18 U.S.C. § 3582(c)(2), to reduce his sentence pursuant to Amendment 706 of United States Sentencing Guidelines. The court determined that Stewart's sentence remained appropriate and declined to reduce it further.

This case is currently before the court on remand from the United States Court of Appeals for the Fourth Circuit because the Court of Appeals could not determine whether this court understood that it had discretion to reduce Stewart's 187-month sentence further. United States v. Stewart, 595 F.3d 197 (4th Cir. 2010). The Court of Appeals essentially directed this court to consider Stewart's 187-month sentence to be his "original sentence" to which a proportional reduction for substantial assistance might be applied. This court has followed the Court of Appeals' directive, and for the reasons that follow concludes that no further reduction under Amendment 706 is warranted.

I.

On November 1, 2007 the United States Sentencing Commission promulgated Amendment 706 in an effort to reduce disparities in sentencing traceable to the Sentencing Guideline's differing

treatment of cocaine base and cocaine powder offenses. For offenses involving cocaine base, Amendment 706 (which the Commission made retroactive on March 3, 2008) provides for a two-level reduction in the base offense level under United States Sentencing Guideline § 2D1.1(c).

Before the retroactivity of Amendment 706 became effective, this court directed the United States Probation Office for the Western District of Virginia to identify, as quickly as possible, defendants who remained incarcerated and who might be entitled to immediate release if given the benefit of Amendment 706, and the court expedited handling of those cases. Simultaneously, the court developed procedures to ensure that all motions for reduction pursuant to the Amendment were resolved as quickly as reasonably practicable. Within two months, the court resolved the overwhelming majority of all pending motions for reduction and, in each case in which it found the defendant to be ineligible, it specifically set forth its reasons.[1] The government blanketly opposed

---

[1] See e.g., United States v. Crump, Criminal No. 7:06cr00007-1 (W.D. Va. Mar. 7, 2008); United States v. Robinson, Criminal No. 5:02cr30020-20 (W.D. Va. Mar. 7, 2008); United States v. Smith, Criminal No. 7:97cr00098-1 (W.D. Va. Mar. 7, 2008); United States v. Sumter, Criminal No. 7:05cr00034-1 (W.D. Va. Mar. 7, 2008); United States v. Brown, Criminal No. 7:02cr00046-1 (W.D. Va. Mar. 20, 2008); United States v. Chappell, Criminal No. 3:95cr00017-3 (W.D. Va. Mar. 20, 2008); United States v. Dehaven, Criminal No. 5:05cr00057-5 (W.D. Va. Mar. 24, 2008); United States v. Edmonds, Criminal No. 7:04cr00072-5 (W.D. Va. Mar. 24, 2008); United States v. Franklin, Criminal No. 5:03cr70006-7 (W.D. Va. Mar. 24, 2008); United States v. Franks, Criminal No. 5:04cr30019-4 (W.D. Va. Mar. 24, 2008); United States v. Grant, Criminal No. 3:92cr00036-1 (W.D. Va. Mar. 24, 2008); United States v. Grimmond, Criminal No. 3:93cr70058-2 (W.D. Va. Mar. 24, 2008); United States v. Hairston, Criminal No. 7:98cr00097-1 (W.D. Va. Mar. 24, 2008); United States v. Harrell, Criminal No. 7:94cr00037-4 (W.D. Va. Mar. 24, 2008); United States v. Hopkins, Criminal No. 7:93cr00077-1 (W.D. Va. Mar. 24, 2008); United States v. Jones, Criminal No. 5:02cr30086-1 (W.D. Va. Mar. 24, 2008); United States v. Mackey, Criminal No. 7:01cr00105-1 (W.D. Va. Mar. 24, 2008); United States v. McGeorge, Criminal No. 7:97cr00051-1 (W.D. Va. Mar. 24, 2008); United States v. Newton, Criminal No. 5:02cr30020-18 (W.D. Va. Mar. 24, 2008); United States v. Proffitt, Criminal No. 5:02cr30020-19 (W.D. Va. Mar. 24, 2008); United States v. Quezada, Criminal No. 5:03cr70006-4 (W.D. Va. Mar. 24, 2008); United States v. Walton, Criminal No. 7:93cr00055-1 (W.D. Va. Mar. 24, 2008); United States v. Reynolds, Criminal No. 7:00cr00006-1 (W.D. Va. Mar. 24, 2008); United States v. Baker, Criminal No. 7:06cr00034-2 (W.D. Va. Mar. 28, 2008); United States v. Hodnett, Criminal No. 7:05cr00074-1 (W.D. Va. Mar. 28, 2008); United States v. Hudgins, Criminal No. 7:94cr00133-1 (W.D. Va. Mar. 28, 2008); United States v. Kennedy, Criminal No. 7:04cr00072-3 (W.D. Va. Mar. 28, 2008); United States v. Neamo, Criminal No. 7:02cr00006-4 (W.D. Va. Mar. 28, 2008); United States v. Calloway, 7:95cr00082-1 (W.D. Va. Apr. 7, 2008); United States v. Eaton, Criminal No. 7:03cr00133-1 (W.D. Va. Apr. 7, 2008); United States v. Fitzgerald, Criminal No. 5:06cr00037-1 (W.D. Va. Apr. 7, 2008); United States v. Lopez, Criminal No. 5:02cr30020-16 (W.D. Va. Apr. 7, 2008); United States v. Perrineau, Criminal No. 7:00cr00126-3 (W.D. Va. Apr. 7, 2008); United States v. Tucker, Criminal No. 7:91cr00017-1 (W.D. Va. Apr. 7, 2008); United States v. Wilson, Criminal No. 7:98cr00091-2 (W.D. Va. Apr. 7, 2008); United States v. Jean-Baptiste, Criminal No. 3:96cr70010-1 (W.D. Va. Apr. 9, 2008); United States v. Grubb, Criminal No. 7:03cr00067-1 (W.D. Va. Apr. 14, 2008); United States v. Brooks, Criminal No. 5:97cr300006-2 (W.D. Va. Apr. 17, 2008); United States v. Williams, Criminal No. 5:06cr00014-1 (W.D. Va. Apr. 17, 2008); United States v. Taylor, Criminal No. 7:03cr30068-1 (W.D. Va. Apr. 28, 2008); United States v.

all reductions.² In contrast to the government's one-size-fits-all response, the court reviewed each case and granted a reduction in each case in which the court found both that the defendant was eligible and that a reduction was warranted.

## II.

On February 20, 2008, Stewart (a government informant who incidentally had been the recipient of an earlier Rule 35 substantial assistance motion) filed a motion pursuant to 18 U.S.C. § 3582(c)(2), requesting the court to exercise its discretion to reduce his sentence further, based on Amendment 706. The court declined, stating that it found the 187-month sentence imposed on November 28, 2007 following the government's substantial assistance motion, remained appropriate. The court now further explains its reasoning.

The court found Maurice Anthony Stewart eligible but not suitable for a reduction pursuant to Amendment 706 because he had a previous felony drug conviction that would have subjected him to an enhanced penalty (a mandatory minimum of 20 years imprisonment) had the United States filed an information pursuant to 21 U.S.C. § 851. It was the court's view that, for sentencing purposes, an appropriate comparitor for Stewart would not have been a defendant who only had been convicted of a cocaine powder trafficking offense, but rather a defendant who had been convicted of a cocaine

---

Jupiter, Criminal No. 5:93cr00004-1 (W.D. Va. May 7, 2008); United States v. Jones, Criminal No. 7:07cr00032-1 (W.D. Va. May 23, 2008); United States v. Lighty, Criminal No. 7:04cr00072-1 (W.D. Va. May 23, 2008); United States v. Fluker, Criminal No. 1:92cr00031-1 (W.D. Va. June 1, 2008); United States v. Price, Criminal No. 5:03cr70006-17 (W.D. Va. June 1, 2008); United States v. Pannell, Criminal No. 7:07cr00065-1 (W.D. Va. June 6, 2008); United States v. Spence, Criminal No. 7:02cr00006-1 (W.D. Va. July 3, 2008); United States v. Hardy, Criminal No. 7:05cr00064-1 (W.D. Va. July 9, 2008); United States v. Milton, Criminal No. 5:95cr70074-1 (W.D. Va. July 9, 2008); United States v. Derryberry, Criminal No. 5:07cr00032-1 (W.D. Va. July 14, 2008); United States v. Breton-Pichardo, Criminal No. 5:03cr70006-9 (W.D. Va. Aug. 27, 2008); United States v. Druitt, Criminal No. 5:06cr00052-1 (W.D. Va. Feb. 24, 2009); United States v. Jimenez, Criminal No. 5:01cr30058-6 (W.D. Va. Feb. 24, 2009); United States v. Rush, Criminal No. 5:02cr30038-1 (W.D. Va. Mar. 16, 2009); United States v. Barclay, Criminal No. 7:02cr00086-1 (W.D. Va. June 11, 2009).

² See United States v. Johnson, No. 3:99cr00035, 2008 U.S. Dist. LEXIS 19702, at n.1 (W.D. Va. Mar. 13, 2008) (Jones, C.J.) (noting that the government's "blanket objection" to Amendment 706 motions *in all cases* was hindering this court's efforts to resolve them).

powder trafficking offense who also had been the recipient of the government's largess in declining to file an information that would have subjected him to enhanced penalties. Under the circumstances, the court did not consider a reduction pursuant to Amendment 706 to be warranted, let alone essential to carry out the core purpose of the Amendment– to narrow cocaine base/cocaine powder sentencing disparities. Moreover, under all the circumstances, the court considered the 187-month sentence to be appropriate. The court understood its authority to impose a sentence comparably less than the amended guideline range. The court, however, should have recognized that this additional reasoning would have been helpful to the Court of Appeals.[3]

### III.

As directed by the Court of Appeals, this court expressly acknowledges that it must treat the sentence Stewart is currently serving (his reduced sentence of 187 months) as his "original term of imprisonment" for purposes of applying Amendment 706. For the reasons stated herein, the court denies Stewart's § 3582(c)(2) motion for a reduction to his sentence under Amendment 706.[4]

**ENTER:** This March 30, 2010.

United States District Judge

---

[3] The court notes that despite having blanketly opposed all reductions pursuant to Amendment 706, and despite the fact that this court specifically articulated its reasons in every instance in which it found a defendant ineligible on the ground that the court did not have discretion to reduce his sentence, the government apparently failed to convey its institutional knowledge regarding these matters to the Court of Appeals and argued instead that it was unclear whether this court denied Stewart's motion because this court did not understand that it had discretion to grant it, and it argued further that Stewart "is entitled to a proportional reduction in his sentence under the new guidelines." United States v. Stewart, 595 F.3d 197, 204 (4th Cir. 2010).

[4] The court in no way suggests that it would not grant an additional Rule 35 motion based upon Stewart's additional assistance, should the government so move on those grounds.

4